KAREN ORLANDI, Plaintiff-Appellee, v. LAWRENCE D. CARAWAY, Defendant-Appellant.

(No. 72-112; 

Third District—January 31, 1973.

T. Donald Henson, of La Salle, for appellant.

Kevin D. Kelly, of La Salle, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of La Salle County in the sum of $12,181.25 in favor of Karen Orlandi as against Lawrence D. Caraway for damages occasioned by the alleged negligence of defendant in driving his automobile.

The action in the instant case was brought to recover damages for personal injuries suffered by plaintiff as the result of an accident at the intersection of Fifth and Cleveland Streets in Peru, Illinois, on April 4,

1968. The intersection had no traffic control sign. There was a clear view of the intersection for 50 to 60 feet before plaintiff reached the intersection (also true for defendant). The record indicates that Miss Orlandi, upon looking to her left as she approached Fifth Street saw the automobile driven by defendant approaching from her left about two and one-half car lengths away. Her estimate of defendant's speed at such time was 35 to 40 miles per hour although defendant states that he had slowed down to between 12 to 15 miles per hour. After plaintiff was in the intersection she saw the Caraway car right next to hers. She applied her brakes but the two cars collided resulting in damage to the front of the Caraway car and to the left rear of the Orlandi car. Defendant was charged with failure to yield the right-of-way and paid a fine. As a result of the collision, plaintiff was given pain pills and, briefly, wore her left arm in a sling. She was then hospitalized for three days during which time she received pain pills and muscle relaxants and had X-rays taken. She was absent from work for three or four days and was paid by her employer for the days she missed. She continued to do the same work she had done prior to the accident after she returned to her job.

Plaintiff stated she had difficulty working because of the amount of bending and filing required and has problems during her housework because her neck is sore and she cannot turn it to the left without pain and that it is hard for her to straighten up. She previously had been accustomed to bowling, swimming and riding horses before the accident but thereafter found such activity difficult or painful. The examining physician made a diagnosis of soft tissue injury to the left shoulder and certain muscular spasms. The doctor testified that there was some muscle spasm in the dorsal spine area and that frequently after an accident, bruising and soft muscle injury show up later as a patient begins to move around. The conditions of pain of which the plaintiff complained persisted for over a period of two years and still recurred after that period of time. The doctor believed that the condition would be permanent. The doctor found her thoracic spine to be extremely tender to percussion. The doctor also expressed an opinion that there was a causal connection between the accident of April 4, 1968, and plaintiff's continued physical problems.

The cause was tried before a jury which returned a verdict for plaintiff in the sum of $12,181.25. On appeal in this court defendant contends that judgment should have been entered in favor of defendant for the reason that plaintiff was contributorily negligent as a matter of law and, also, that the verdict of the jury was so excessive as to necessitate a new trial or that at least a remittitur of $8,000 should be required of plaintiff.

■■ Under the provisions of 1969 Illinois Revised Statutes, ch. 95½, sec. 165, when two vehicles enter an intersection from different roadways at approximately the same time, the driver of the vehicle to the left must yield the right-of-way to the vehicle on the right. Defendant nevertheless contends that even though the intersection was an open intersection to which such provision would normally be applicable, that plaintiff was guilty of contributory negligence so as to prevent recovery since she did not look for oncoming vehicles until after she had already started to enter the intersection, although she did look at defendant's vehicle before she went into the intersection. Defendant asserts that this conduct constituted contributory negligence as a matter of law and required entry of judgment in favor of defendant.

■■ Normally, contributory negligence is a question of fact to be determined by a jury and it becomes a question of law only when all reasonable minds would agree that, based upon the evidence and the reasonable inferences drawn therefrom in the light most favorable to plaintiff, judgment in favor of plaintiff would not be permitted to stand. (*Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504.) The record in this cause shows that plaintiff looked to her right and to her left as she was about to enter the intersection and saw defendant's vehicle about two to two and one-half car lengths up the street. The record also shows that the intersection was unobstructed to plaintiff's left and defendant's right for at least 50 to 60 feet. Defendant's automobile left 30 feet of skid marks and struck plaintiff's car to the left rear, indicating that plaintiff was well into the intersection when struck by defendant's car, and, that at least one-half of plaintiff's car had crossed the center line of the street at the time of the collision. Defendant stated that he looked but did not see plaintiff's car.

■■ Under the circumstances, and the facts as presented, it is apparent that this is clearly a case for jury determination. Cases to which defendant has referred involve situations where the plaintiff against whom a verdict was directed did not slow down as the intersection was approached nor attempt to apply the brakes and in fact did not make any effort to look for approaching vehicles on the crossroad. (*Tuohey v. Yellow Cab Co.,* 33 Ill.App.2d 180, 180 N.E.2d 691; *Kirchoff v. Van Scoy,* 301 Ill.App. 366, 22 N.E.2d 966.) As indicated by the court in *Pennington v. McLean,* 16 Ill.2d 577, 158 N.E.2d 624, the question of contributory negligence must be determined by the jury where considerations as to relative speed and distances of the vehicles would be involved. In the *Pennington* case the court found that a jury could reasonably have concluded that plaintiff's intestate originally started across the intersection

some seconds ahead of defendant's car and that defendant's car in that case did not constitute an immediate hazard and that plaintiff was entitled under the statute to proceed through the intersection. A similar observation might be made as to the situation of plaintiff and defendant in the instant case. Unless the facts are such as to come within the scope of the *Pedrick* rule, the issue of contributory negligence should normally be submitted to the jury for determination. (*Neurohr v. Richmond*, 78 Ill.App.2d 467, 222 N.E.2d 808.) We, therefore, conclude that this cause was properly submitted to the jury for its determination and the trial court did not commit reversible error in refusing to enter judgment in favor of defendant pursuant to defendant's motion.

■■ On the issue as to whether the verdict was so excessive as to require reversal on the basis of the amount of verdict allowed, it is clear that plaintiff had experienced pain and suffering on the day of the injury and even on the date of trial and there was reasonable probability that she would continue to experience pain and suffering in the future as a result of the accident. While the plaintiff did not receive treatment of a special character other than pain pills and muscle relaxants and the application of heat, the persistence of pain and the continuity of such pain nevertheless was shown to be present and apparently of relatively permanent character. It is true that the expenses of plaintiff were only $215.25. We are not justified, however, in measuring the amount of damage and injury to a plaintiff solely on the basis of the specific medical expenses incurred by the injured claimant. A suggestion is made by defendant that even if the verdict was not so excessive as to justify reversal, a remittitur in the amount of $8,000 should be directed in the case. The trial court rejected this request. We have noted that it is difficult to fix the precise dollar value of compensation for personal injuries, particularly where the award is based principally on pain or suffering. In such case, the amount rests largely within the discretion of the jury. We have said that when an experienced trial judge who has presided at the trial and has seen plaintiff in person has approved such a verdict as in the instant case, it should not be reduced or overturned by a reviewing court unless it is shown to be clearly erroneous or the result of passion or prejudice. *Horan v. Klein's-Sheridan, Inc.*, 62 Ill.App. 2d 455, 460, 211 N.E.2d 116, 118-119.

On review of the record before us we find no basis for a reversal of this cause or for direction of the entry of a remittitur. The judgment of the circuit court of La Salle County will, therefore, be affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.