JERYL LEISCHNER *et al.*, Plaintiffs-Appellants, *v.* DANIEL'S RESTAURANT, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 14269

Opinion filed November 23, 1977.

James Walker, of Bloomington, for appellants.

Brody, Gore & Fineberg, Ltd., of Chicago (Larry R. Wikoff, of counsel), for appellee Daniel's Restaurant, Inc.

John P. Lynaugh, of Springfield, for appellee Ace Liquor, Inc.

Heyl, Royster, Voelker & Allen, of Peoria (James E. Bowles, of counsel), for D. A.'s Liquor, Ltd.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

The plaintiffs, Jeryl Leischner and her three minor children, brought an action under section 14 of the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 135) against defendants, Daniel's Restaurant, Inc., Ace Liquor, Inc., and D.A.'s Liquor, Ltd. Plaintiffs alleged that defendants sold alcoholic liquor to Herman Leischner, thereby causing his intoxication, and that plaintiffs were injured as a result thereof. Prior to trial, the circuit court entered summary judgment against plaintiff Jeryl Leischner pursuant to its finding that she was guilty of complicity. The cause of the minor children was tried before a jury which returned a verdict for defendants.

All plaintiffs appeal. Jeryl Leischner contends that complicity is a judicially created defense which is repugnant to the legislative purpose of the Dramshop Act and asks that we refute the appellate court cases which have established the defense. She also maintains that, in any event, summary judgment was improper because a material question of fact was presented as to that issue. On behalf of her children, she maintains that on *voir dire* the court erred in prohibiting plaintiffs' attorney from asking

prospective jurors whether they or any close relative or friend had ever worked for an insurance company or in the adjustment of claims.

Mrs. Leischner correctly points out that the Dramshop Act does not specify any defenses. She also recognizes that a long line of appellate authority has established that one is guilty of complicity and cannot recover under the Dramshop Act when he participates in or encourages the drinking activity of the tortfeasor. (*Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84, 200 N.E.2d 745; *Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 193 N.E.2d 872; *James v. Wicker* (1941), 309 Ill. App. 397, 33 N.E.2d 169.) The apparent source of this line of authority is the equitable doctrine which precludes a person from profiting from his own wrongful acts. (*Holcomb.*) The heart of her argument is that to prevent recovery by an injured party because of that party's fault is inconsistent with the policy of the Act, expressed by the supreme court in *Wessel v. Carmi Elks Home, Inc.* (1973), 54 Ill. 2d 127, 295 N.E.2d 718.

■■ ■ We recognize that to permit a wrongdoer to recover compensatory damages for injuries arising out of the wrongful act does not allow that person to profit by the wrongful act but merely permits that person to regain approximately the same economic position as he would have had if the injuries had never occurred. We note, however, that the Act has been amended many times since the complicity defense was first recognized in *Hays v. Waite* (1890), 36 Ill. App. 397. When a statute is amended after judicial opinions construing it have been published, the legislature is presumed to have acted with knowledge of those opinions (*Waesch v. Elgin, Joliet & Eastern Ry. Co.* (1962), 38 Ill. App. 2d 56, 186 N.E.2d 369; *Illinois Power Co. v. City of Jacksonville* (1960), 18 Ill. 2d 618, 165 N.E.2d 300). Here, the legislative silence upon the complicity defense has occurred with knowledge of its court created existence. We are free to disregard the rule barring recovery by a dramshop plaintiff for complicity because the supreme court has never spoken on that question. We choose, however, to follow the long standing precedent recognizing the defense.

The discovery depositions of plaintiff Jeryl Leischner and her husband, Herman Leischner, were before the court for the purposes of deciding the motion for summary judgment. The substance of the evidence revealed by these documents was as follows: At noon on Saturday, August 31, 1974, Herman went to a friend's house where he played cards and drank approximately five beers. At 5 p.m., he went to defendant D.A.'s Liquor where he consumed two or three more beers before joining plaintiff Jeryl, at home at about 6:30 p.m. While Jeryl prepared dinner, the couple shared the contents of one beer and made plans to go out drinking that evening.

At about 8:30 p.m., Herman and Jeryl proceeded to defendant Daniel's Restaurant where Herman drank approximately two beers and Jeryl consumed one mixed drink. Thereafter, the couple left Daniel's and proceeded to defendant Ace Liquor where Herman had one or two more beers and Jeryl drank one or two mixed drinks. As the couple left Ace Liquor, Herman was driving. As he turned out of the parking lot, the car skidded on the wet pavement and struck a pole on the side of the road, thereby injuring Jeryl.

■■ Two tests have been used to establish the existence of complicity as a matter of law. Defendants place reliance upon the case of *Holcomb* in which the court measured complicity by the willing and voluntary participation of the plaintiff in the drinking activity which led to the intoxication of the tortfeasor. Jeryl cites another line of authority which adds the additional and stricter requirement that plaintiff's voluntary participation in the drinking activity be "material and substantial." (*Chapman v. Powers* (1975), 30 Ill. App. 3d 44, 331 N.E.2d 593; *Nelson v. Araiza* (1976), 43 Ill. App. 3d 685, 357 N.E.2d 207.) We find it unnecessary to decide which standard should be determinative. Even if the stricter standard, requiring material and substantial participation, is applied, the facts are clear that Jeryl was guilty of complicity as a matter of law in the present case. Jeryl voluntarily participated in the drinking activity of her husband to a material and substantial extent. As the court emphasized in *Tezak v. Cooper* (1960), 24 Ill. App. 2d 356, 362, 164 N.E.2d 493, 496, "* * * if the evidence is not disputed and if all reasonable persons would conclude that plaintiff voluntarily participated in the drinking to a material and substantial degree, then such participation bars plaintiff as a matter of law." (Accord, *Nelson* and *Krepfl v. Burke* (1974), 24 Ill. App. 3d 173, 321 N.E.2d 30.) Summary judgments based upon the complicity defense have also been affirmed in *Sapp v. Johnston* (1973), 15 Ill. App. 3d 119, 303 N.E.2d 429; *Lipp v. Haezbroeck* (1964), 51 Ill. App. 2d 70, 200 N.E.2d 525; and *Phenicie v. Service Liquor Store, Inc.* (1960), 23 Ill. App. 2d 492, 163 N.E.2d 220.

In the instant case, there is no evidence of any attempt by plaintiff Jeryl Leischner to temper the drinking of her husband. Instead, the evidence indicates that she encouraged him to continue drinking by sharing a beer with him at home, by contributing to the plan to go out drinking for the evening, by accompanying him to two different bars, and by having two or three mixed drinks while he became intoxicated. Moreover, her participation did not constitute mere isolated incidents early in, or over the course of, a long day of drinking. Rather, her contributions were concentrated in the 3½ hours immediately prior to the accident. Therefore, reasonable persons could not conclude that Mrs. Leischner did

not voluntarily participate in the drinking activity of her husband to a material and substantial degree. Complicity was established as a matter of law. Where the material before the court on a motion for summary judgment shows that at trial a verdict would have to be directed, entry of a summary judgment is proper. *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.

The summary judgment in favor of defendants and against Mrs. Leischner in her individual capacity was properly entered.

In the case brought on behalf of the children, after plaintiffs' counsel had completed *voir dire* examination of the first prospective juror, defendants' counsel moved for an order prohibiting plaintiff from asking prospective jurors whether they or a close friend or relative had ever worked for an insurance company or in the adjustment of claims. In chambers, plaintiffs' counsel was sworn as a witness and testified that the home offices of three insurance companies are located in Bloomington, the site of the trial, and that these companies employ thousands of persons who reside in the county. He went on to testify that he had previously participated in the selection of approximately 50 juries in McLean County and that, in his experience, one out of every six prospective jurors generally has some interest in the insurance industry. He concluded that he was justified in asking about these insurance interests in order to determine the possible existence of prejudice in favor of defendants, who were covered by liability insurance.

The trial court nevertheless granted defendants' motion to exclude any examination with respect to insurance, reasoning that the same information could be elicited through in-depth interrogation about the employment history of the juror and his family. Counsel used this alternative method of interrogation only sporadically, however.

Plaintiff contends on behalf of the children that the court's ruling violated the long-standing principle that permits counsel for plaintiff, where defendant carries public liability insurance, to interrogate in good faith prospective jurors on *voir dire* examination as to their possible interest in, or relationship to, insurance companies which carry such insurance. *Wheeler v. Rudek* (1947), 397 Ill. 438, 74 N.E.2d 601; *Dertz v. Pasquina* (1973), 15 Ill. App. 3d 470, 305 N.E.2d 54, *rev'd on other grounds* (1974), 59 Ill. 2d 68, 319 N.E.2d 12.

■■■ Prior to the instant trial, Supreme Court Rule 234 (Ill. Rev. Stat. 1975, ch. 110A, par. 234) was amended to provide that the court shall conduct the *voir dire* examination of jurors with the provision that it "may permit the parties to supplement the examination by such direct inquiry as the court deems proper." No case has been called to our attention which rules on the effect of the amendment upon a plaintiff's right to question prospective jurors with regard to their connection to insurance

companies. We need not decide that here, however. Neither need we decide whether plaintiffs' request was made in good faith. The procedure adopted by the court whereby plaintiffs' counsel was permitted to ask about the employment of the prospective jurors and the members of their families was sufficient to reveal those who had employment relationships with insurance companies and adjustment firms. The procedure was inadequate to enable counsel to learn whether the jurors had close friends in those lines of business, but the inability to interrogate along this line was not reversible error. Few jurors are without some friend who is in some way connected with the insurance industry. No error occurred in the *voir dire*.

For the reasons stated, the judgments of the circuit court are affirmed.

Affirmed.

MILLS and WEBBER, JJ., concur.