ALLEN LEWIS, by Anita Lewis, his Mother and Next Friend, Plaintiff-Appellee, v. NORTHERN ILLINOIS GAS COMPANY, Defendant-Appellant.

First District (4th Division)    No. 80-698

Opinion filed June 4, 1981.

Thomas J. Shanahan, of Jares, Komosa, Burke & Shanahan, of Chicago, for appellant.

Gordon, Schaefer & Gordon, Ltd., of Chicago (Gilbert W. Gordon, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

After a bench trial a judgment was entered in favor of the minor, Allen Lewis (hereinafter plaintiff), in the amount of $25,000 for personal injuries he sustained when he fell off a bicycle he was riding on the sidewalk. On appeal defendant contends that plaintiff was not in the exercise of due care for his own safety and that the judgment of the trial court was against the manifest weight of the evidence. In the alternative, defendant contends that the amount of the judgment was excessive.

We affirm.

The certified bystander's report shows that on August 6, 1975, at approximately 6:30 p.m., plaintiff, who was 13 years old, was riding his 10-speed bicycle on a sidewalk when the front wheel of the bicycle struck defendant's uncovered gas valve box measuring 6 inches in diameter. Plaintiff testified that he observed the valve box from a distance of approximately 50 feet; however, plaintiff thought the box was covered and did not see that it was uncovered until he was on top of the box. When the front wheel struck the box, plaintiff's foot became caught in the front wheel spokes. Plaintiff fell to the ground after he was thrown over the handlebars.

Plaintiff indicated that he had not been past the area in question before the day of the incident. Plaintiff denied kicking the front tire

before hitting the valve box. In regard to his injuries resulting from the accident, plaintiff stated that both of his wrists begin to swell and hurt when he works or participates in sporting events. Plaintiff incurred medical expenses totaling $723.20.

Dr. Lawrence Metrick testified that he examined plaintiff at the hospital on the day of the incident. He stated that plaintiff suffered fractures of both wrists with angulation, a fracture of the ulna styloid, and lacerations of the head and chin. Dr. Metrick indicated that he examined plaintiff on September 30, 1975, and that motion in plaintiff's wrists was 95 percent normal. Dr. Metrick was of the opinion that the injuries sustained by plaintiff were permanent and could produce arthritic changes at an earlier date than would normally be expected.

In June 1976, Dr. Metrick treated plaintiff when he fractured his right wrist. This fracture was in the same site as the earlier fracture. Dr. Metrick claimed that the earlier fracture of the right wrist could have caused the second fracture.

Paul Dishinger, plaintiff's friend at the time of the occurrence, corroborated plaintiff's testimony. The witness stated that the gas box was not covered and that it protruded one-half inch from the sidewalk. The witness denied telling the police that plaintiff lost his balance and fell when he kicked the front wheel of his bicycle.

Irwin Braverman, an acquaintance of plaintiff's mother, testified that he had walked past the valve box twice a week from March until April 1975. He indicated that the hole could easily be seen and that he walked around it during that period of time.

A report prepared by Kevin Mullen, a private investigator, showed that Paul Dishinger made a statement on August 18, 1975, indicating that plaintiff kicked the front tire of his bicycle before he fell to the ground. David Knause, a Northbrook police officer, stated that his police report showed that Dishinger made a statement that plaintiff kicked his front wheel after it began to wobble and that plaintiff's foot became caught in the spokes causing him to fall.

Donn Proven, executive director of the Illinois State Tire Dealers Association, testified that he had conducted numerous tests on tires made for bicycles. It was his opinion that plaintiff's bicycle tire could not fall into the uncovered valve box causing the bicycle to stop suddenly. On cross-examination, the witness stated that he did not perform any tests on plaintiff's bicycle and that his analysis was based on the fact that the valve box was level with the surface of the sidewalk.

David Pierson, an employee of defendant, stated that a company report did not indicate that the valve cover was missing in April 1975.

■■ Defendant contends that plaintiff was not in the exercise of due care

for his own safety.[1] Defendant seemingly maintains that plaintiff had a duty to act in accordance with section 11—1412.1 of the Illinois Vehicle Code which prohibits a person from driving any vehicle upon a sidewalk or sidewalk area. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—1412.1.) However, we note that this case involved a bicycle which is not considered a vehicle for purposes of the statute. (Ill. Rev. Stat. 1979, ch. 95½, par. 1—217.) Moreover, the statute now relied upon by defendant was not in effect at the time of the occurrence.

■■ It is well established that a child between the ages of 7 and 14 is presumed to be free of contributory negligence. (*McWethy v. Lee* (1971), 1 Ill. App. 3d 80, 86, 272 N.E.2d 663.) However, this presumption can be rebutted, and whether the presumption has been rebutted is a question for the trier of fact. (*Thomas v. Price* (1980), 81 Ill. App. 3d 542, 546, 401 N.E.2d 651.) Further, the test of whether a minor was contributorily negligent is both subjective and objective—the care and caution for his or her own safety that a child of plaintiff's age, intelligence, capacity and experience would exercise under same or similar circumstances. *Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 896, 412 N.E.2d 624.

■■ In the present case, we do not believe that plaintiff was contributorily negligent as a matter of law. Defendant does not dispute on appeal the fact that the valve box was uncovered at the time in question. Plaintiff testified that he observed the valve box from approximately 50 feet away, but that he did not observe that the cover of the valve box was missing until he was directly above the box. (Compare *Bickel v. City of Chicago* (1975), 25 Ill. App. 3d 684, 323 N.E.2d 832.) Although there was conflicting testimony as to the facts surrounding plaintiff's injury, we believe that the trial court was in a better position to determine the credibility of the witnesses. (See *Klein v. City of Chicago* (1973), 10 Ill. App. 3d 670, 294 N.E.2d 755.) After examining the record before us, we cannot say that the trial court's finding that plaintiff was free from contributory negligence was against the manifest weight of the evidence.[2].

■■ Defendant next contends the judgment of $25,000 was excessive and requests this court to order a remittitur. We disagree. The record shows that plaintiff suffered fractures of both wrists, a fracture of the ulna styloid and lacerations to the head and chin. Dr. Metrick testified that

---

[1] Plaintiff asserts in his brief that the appeal should be dismissed because defendant did not file a timely record on appeal and because defendant failed to have the trial court certify the bystander's report of the proceedings. However, the common-law record clearly shows that this court entered an order extending the time for certification in filing a bystander's report to April 25, 1980. Further, contrary to plaintiff's argument, the record also shows that on April 22, 1980, a bystander's report of the proceedings was certified by the trial court.

[2] The cause was not tried on the theory of comparative negligence. We need not therefore consider the cause under the supreme court's recent opinion of *Alvis v. Ribar* (1981), 85 Ill. 2d 1.

some of plaintiff's injuries were permanent and that arthritic changes could occur earlier than normally would be expected. Plaintiff himself stated that his wrists hurt and would swell when he worked or participated in sports. Moreover, plaintiff was only 13 years of age at the time he suffered the injury. (See *Dertz v. Pasquina* (1974), 59 Ill. 2d 68, 319 N.E.2d 12.) Although the medical bills were only $723.20, we are not justified in measuring the amount of damages and injury to plaintiff solely on the basis of the specific medical expenses. (See *Orlandi v. Caraway* (1973), 9 Ill. App. 3d 628, 293 N.E.2d 337.) In view of the evidence presented, we cannot say that the sum of $25,000 was an unreasonable amount for such injuries. Compare *Andrews v. General Contracting Co.* (1962), 37 Ill. App. 2d 131, 185 N.E.2d 354.

The judgment of the circuit court of Cook County is therefore affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.