MIKE SALO, Plaintiff-Appellant and Cross-Appellee, v. DOROTHY SINGHURSE, Defendant-Appellee and Cross-Appellant.

Fifth District   No. 5—87—0622

Opinion filed March 30, 1989.—Rehearing denied May 15, 1989.

G. Patrick Murphy, of Winters, Brewster, Murphy, Crosby & Patchett, of Marion, for appellant.

Michael J. Pitzer and William M. Corrigan, Jr., both of Brown, James & Rabbitt, P.C., of Belleville, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Mike Salo, filed suit against defendant, Dorothy Singhurse, in the circuit court of Franklin County for damages he sustained in an automobile collision with Singhurse. The jury awarded Salo $24,000 in damages but reduced the amount to $9,600 because it found him to be 60% negligent. Salo filed motions for a directed verdict and for judgment notwithstanding the verdict on the issue of liability, as well as a motion for a new trial on the same issue, all of which were denied. Salo appeals the denial of his motions. Singhurse cross-appeals on the issue of damages.

At approximately noon on January 29, 1983, Salo was traveling south on Illinois Route 148 at a speed of 35 miles per hour, five miles per hour below the posted speed limit. Route 148 runs north and south, and at one point, intersects with Pinckneyville blacktop, which runs east and west. The terrain surrounding the intersection is straight and level. Southbound traffic on Route 148 at the intersection is controlled by an overhead flashing yellow light. Eastbound traffic on Pinckneyville blacktop is controlled by a stop sign and a flashing red light, thereby making Route 148 the preferential highway. Singhurse was traveling east on Pinckneyville blacktop.

As Salo approached the intersection with Pinckneyville blacktop, he glanced over and noticed Singhurse's car approaching the stop sign. Plaintiff turned his eyes back on the road in front of him and continued to proceed through the intersection when Singhurse's car struck his car in the middle of the passenger side in the middle of the intersection. Salo's car was knocked off the road into a ditch, and Salo was thrown against the door. Salo testified there was nothing he could have done to avoid the collision.

Jeff Cook, a motorist traveling behind Salo on Route 148, testified that just past the intersection another car was turning into a store. Salo was slowing down for this car when Singhurse's car pulled up to the stop sign on Pinckneyville blacktop, made a rolling attempt to stop, and then struck Salo's car. Singhurse testified she stopped at the intersection before entering Route 148. She also stated she never saw Salo's car until she hit it. The jury awarded Salo $24,000 in damages, but found him to be 60% negligent and accordingly reduced his award.

Salo argues the trial court erred in denying his motions for a directed verdict and for judgment notwithstanding the verdict and in not granting him a new trial on the issue of liability. Salo contends as a driver on a preferential roadway, he had the right to expect Singhurse to obey the stop signs and yield the right-of-way. Any negli-

gence on his part therefore was irrelevant because such negligence was not a proximate cause of the collision.

■ Under section 11—904(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—904(b)), a driver at a stop sign when his road intersects with a preferential highway must yield the right-of-way to any vehicle which is approaching so closely on the roadway as to constitute an immediate hazard to his vehicle's moving across or within the intersection. This does not mean, however, that the driver on the preferential road has an absolute right-of-way. (See *Twait v. Olson* (1982), 104 Ill. App. 3d 191, 194, 432 N.E.2d 1244, 1247.) He too must keep a proper lookout, observe due care in approaching and crossing intersections and drive as a prudent person would to avoid a collision when danger is discovered or, by the exercise of reasonable care, should have been discovered. *Kofahl v. Delgado* (1978), 63 Ill. App. 3d 622, 625, 380 N.E.2d 407, 410. See also *Junker v. Ziegler* (1986), 113 Ill. 2d 332, 338, 498 N.E.2d 1135, 1137.

■ Salo was driving on a preferential highway at the time of the collision. As he approached the intersection, he saw Singhurse's vehicle approach the stop sign. He did not see her pull out into the intersection as she had not yet reached the stop sign. He had a right to expect she would obey the sign and yield the right-of-way as he passed through the intersection. Singhurse, however, ran into the side of his car. There was no evidence that Singhurse's vision was obstructed or that Salo's speed affected her ability to see him approaching. The reasonable inferences therefore are that Singhurse did not look or simply did not stop. By the time Salo was in the intersection, there was little, if anything, he could have done to avoid the collision. Consequently, the sole cause of the collision was Singhurse's negligence.

Whether or not the jury believed Salo should have exercised more caution under the circumstances of a flashing yellow light by possibly slowing down more or watching Singhurse's car longer in order to sound his horn or swerve, any negligence on his part was not the proximate cause of the collision. Singhurse had a duty to stop and yield the right-of-way to approaching cars. Instead, she rolled into the intersection and hit Salo's car after he was already in the intersection at a time when there was nothing he could do to avoid the collision. Salo could not reasonably be expected to anticipate Singhurse entering the intersection in disregard of her duty to yield. But for Singhurse running the stop sign or not looking, the collision would not have occurred. (See *Romero v. Ciskowski* (1985), 137 Ill. App. 3d 529, 534, 484 N.E.2d 1150, 1154; *Matesevac v. County of Will* (1981),

93 Ill. App. 3d 280, 283, 416 N.E.2d 807, 809; *Kofahl*, 63 Ill. App. 3d at 625-26, 380 N.E.2d at 410-11; *Hale v. Cravens* (1970), 129 Ill. App. 2d 466, 473, 263 N.E.2d 593, 596. See also *First National Bank v. Douell* (1987), 161 Ill. App. 3d 158, 161-62, 514 N.E.2d 238, 240-41; *Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 619-20, 483 N.E.2d 595, 597-98. *Cf. Pennington v. McLean* (1959), 16 Ill. 2d 577, 584-86, 158 N.E.2d 624, 628.) For the jury to attribute 60% of the fault to Salo under such circumstances is not only contrary to the manifest weight of the evidence, but also beyond comprehension and reason. Clearly Salo was entitled to at least a new trial on the issue of liability. (See, *e.g.*, *Junker*, 113 Ill. 2d at 339-40, 498 N.E.2d at 1138.) If we were to follow the jury's apportionment in this case, every time a driver on a preferential highway saw an approaching car on an intersecting road or drive, he essentially would be required to stop to make sure the other car obeyed the stop sign and stayed there or else be found negligent. As the court in *Hession v. Liberty Asphalt Products, Inc.* (1968), 93 Ill. App. 2d 65, 235 N.E.2d 17 stated: "Stop signs are erected for the obvious purpose of requiring motorists to yield to vehicles on through highways. If the motorist on the through highway had to travel at such a speed that he could stop his car in time to avoid collisions with vehicles which ignore stop signs on intersecting roads, the purpose of having a through highway in the first place would be entirely thwarted. The driver who has the stop sign cannot assume the car on the through highway will stop. It is the other way around." (93 Ill. App. 2d at 74, 235 N.E.2d at 22.) We therefore reverse the judgment apportioning 60% of the fault to Salo.

Singhurse argues on cross-appeal that the trial court erred in not granting a new trial on the issue of damages. Singhurse believes the jury's award of $24,000 is excessive because (1) Salo's medical bills only totaled $3,030.35; (2) he did not receive any medical treatment for the injuries he claims resulted from the collision until some 10 months later, even though he already was being treated for other medical conditions unrelated to the collision; (3) his injuries were limited to soft tissue injuries to his back and neck; (4) there was no testimony regarding the amount of necessary future medical treatment; and (5) he claimed no lost wages as a result of the accident.

■ ■ We initially note that Singhurse also claims the jury's award is excessive because there was no evidence of Salo's activities being restricted as a result of the accident when in fact the evidence is to the contrary. Salo no longer could play in his polka band and no longer drove a cab because he was unable to carry out his customers' groceries. More importantly, however, the amount of damages and in-

jury to a person are not to be measured solely on the basis of specific medical expenses incurred. (See *Lewis v. Northern Illinois Gas Co.* (1981), 97 Ill. App. 3d 227, 231, 422 N.E.2d 889, 892; *Orlandi v. Caraway* (1973), 9 Ill. App. 3d 628, 632, 293 N.E.2d 337, 339.) Nor are comparisons to other awards helpful. *Simmons v. Union Electric Co.* (1984), 121 Ill. App. 3d 743, 757, 460 N.E.2d 28, 38, *aff'd* (1984), 104 Ill. 2d 444, 473 N.E.2d 946.

It is always difficult to fix a precise dollar value of compensation for personal injuries, especially when based primarily on pain and suffering. (*Orlandi*, 9 Ill. App. 3d at 632, 293 N.E.2d at 339.) And, the very nature of personal injury cases makes it impossible to establish a precise formula to determine whether a particular award is excessive or not. (*McMahon v. Richard Gorazd, Inc.* (1985), 135 Ill. App. 3d 211, 230, 481 N.E.2d 787, 800.) While the extent of the injuries suffered, the claimant's age, the possibility of deterioration in the future, medical expenses incurred, past and future wage losses and any restrictions that the injuries may have placed on the daily activities of the injured claimant are all factors to be considered (see *Shaheed v. Chicago Transit Authority* (1985), 137 Ill. App. 3d 352, 359, 484 N.E.2d 542, 548), the determination of an adequate award is peculiarly within the province of the jury. Accordingly, great weight must be given to that determination. (See *McMahon*, 135 Ill. App. 3d at 230, 481 N.E.2d at 800.) Only if the amount falls outside the necessarily flexible limits of fair and reasonable compensation or is so large as to shock the judicial conscience will we as a reviewing court reverse the jury's award. (See *Shaheed*, 137 Ill. App. 3d at 359, 484 N.E.2d at 548.) Such simply is not the case here. We therefore affirm the jury's award as to damages.

For the aforementioned reasons, we affirm the jury's award of damages in favor of Salo, but reverse the apportionment of fault and find in favor of Salo on the issue of liability. Therefore, pursuant to this court's power under Supreme Court Rule 366 (107 Ill. 2d R. 366), judgment is entered for plaintiff in the amount of $24,000.

Affirmed as modified in part; reversed in part.

CHAPMAN and GOLDENHERSH, JJ., concur.