FRANK J. WALSH, Appellee, v. LILLIAN FINLEY *et al.*—(LILLIAM FINLEY, Appellant.)

*Opinion filed March 30, 1972.*

BEVERLY, PAUSE, DUFFY & O'MALLEY, of Chicago (FRANK J. PAUSE, JOHN J. O'MALLEY, and DOM J. RIZZI, of counsel), for appellant.

HAROLD L. WARD and LEONARD M. RING, of Chicago (LEONARD M. RING and RICHARD L. WARRLING, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

This is an appeal by Lillian Finley, one of the defendants herein, from the judgment of the Appellate Court, First District *(Walsh v. Finley (Ill.App. 1971), 268 N.E.2d 534),* reversing the trial court, which had entered a judgment in favor of the defendant Finley, notwithstanding the jury verdict in the sum of $25,000, in favor of the plaintiff and against both of the defendants.

The cause of action out of which this appeal arose was for personal injuries sustained in a four-car collision on September 7, 1961. The involved cars were all west bound in the same lane of traffic on North Avenue—a four lane highway in western Cook County—between First and Fifth Avenues. The surface of the highway was dry, the traffic was heavy, and the first car, a 1960 Roadmaster Buick, driven by Ellis R. Lewis (not a party to this action), was either stopped or barely moving.

The plaintiff, who was driving the second car—a 1961, four-door Cadillac—testified that he had stopped three or four feet behind the Lewis car and remained in that position for one or two minutes before the accident occurred; that he had his foot on the power brake and looked but saw nothing in his rear view mirror just before he was struck from the rear; that there were two separate and distinct impacts to the rear of his car, each accompanied by a loud noise; and that both occurred almost simultaneously. He stated that the force of the impact knocked off his glasses, and that he was bruised and dazed thereby.

Lillian Finley, defendant-appellant, the driver of the third car—a 1959 four-door Pontiac—testified that her car was stopped before it was struck from behind; and that although she had her foot on the brake, the force of the impact from the fourth car caused her car to strike the plaintiff's car and move it forward. She testified to two impacts, one to the rear of her car and another when her car struck the rear of the car in front of her—the Walsh car.

The defendant, Mary Kelly, the driver of the fourth car—a Rambler station wagon—testified that she, too, had stopped her car, which was in first gear, in the line of traffic and had her foot on the brake; that while she was stopped, the motor of her car died; that none of the cars in front of her moved forward; that when she started her car it was still in gear, and it lurched forward and struck the

Finley car in the rear with a mild impact; and that she neither saw nor heard the Finley car, which was in front of her, strike the plaintiff Walsh's car.

The damage to the cars was: the Lewis Buick, the first car in the line of traffic, suffered a damaged rear bumper, which had to be replaced; the Walsh Cadillac, the second in line, suffered extensive damage to the front fenders, grille, hood, rear bumper and trunk; the Finley Pontiac, the third in line, was damaged in both the front and rear; and the only damage to the Kelly Rambler, the fourth car, was a broken right front headlight glass.

The testimony of the plaintiff Walsh and the defendant Finley as to how the accident happened is conflicting. The plaintiff testified that there were two distinct impacts to the rear of his car, each accompanied by a loud noise. The defendant Finley testified that her car had but one impact with the rear of the plaintiff's car. If the jury believed the plaintiff Walsh it could reasonably infer that the first impact was not between the Kelly car and the Finley car, but was between the Finley car and the Walsh car; and that the second impact to the rear of the plaintiff Walsh's car, was an aftermath of a subsequent impact between the Kelly car and the Finley car. If the jury believed the testimony of defendant Finley, it would have had to reject the testimony of the plaintiff Walsh—that he felt two impacts from the rear. The jury had to, and did resolve this conflict in the testimony. Under these conditions, the circumstantial evidence in connection with the case—the position and damage to the respective cars, their size and weight—became a significant, if not a crucial factor in determining the true sequence of events.

Negligence may be proved by direct or by circumstantial evidence which supports a reasonable inference to that effect, and a witness may be contradicted by circumstances as well as by statements of others contrary to his own. In *Stephens v. Hoffman (1916), 275 Ill. 497,*

at page 502 we stated: "The rule undoubtedly is that the positive testimony of a witness, uncontradicted and unimpeached, either by positive testimony or by circumstantial evidence, cannot be disregarded by either court or jury; but there may be such an inherent improbability in the statement or testimony of a witness that the court may disregard it, even in the absence of any direct conflicting testimony. He may be contradicted by the facts he states as completely as by direct adverse testimony, and there may be so many omissions or discrepancies in his testimony as to discredit him."

In the case at bar direct proof was offered on behalf of the plaintiff Walsh and the defendant Finley. This direct evidence could be contradicted and discredited by the circumstantial evidence or the inherent improbability of the testimony itself.

From the totality of the evidence, the plaintiff urges that the Lewis Buick, first in line, and the plaintiff's Cadillac, immediately behind, were stopped when the defendant Finley's Pontiac, without coming to a stop, struck the rear of the plaintiff's car, propelling it into the rear of the Lewis Buick; that after the first impact, the defendant Kelly's Rambler then struck the rear of the Finley car, which caused the Finley car to go forward and again strike the Walsh car; that this was the second impact to the Walsh car; that only minor damage was sustained by the Kelly car; and that the damage to the respective cars could not have been caused by the chain reaction type collision, which according to defendant Finley's testimony, was initiated by the Kelly car. The plaintiff's version is corroborated by the testimony of the defendant Kelly—that she neither saw nor heard the collision between the Finley car and the Walsh car, and by the circumstantial evidence. The extent of damage done to the Kelly car—a broken headlight glass—supports a strong inference that her light Rambler could not have struck the Finley Pontiac

with sufficient force to propel it into the Walsh Cadillac and damage that car to the extent it was damaged.

The defendant Finley depreciates these inferences arising from the evidence and contends that the jury's verdict against her was based solely on conjecture and speculation; that other facts and circumstances in connection with the accident indicate a contrary inference; and that the total evidence from which liability was inferred is susceptible also of an inference of nonliability. Therefore, she argues that the trial judge was correct in entering a judgment notwithstanding the verdict on her behalf, and that the appellate court was in error in reversing that judgment.

In *Pedrick v. Peoria and Eastern R.R. Co. (1967), 37 Ill.2d 494,* cited by both the plaintiff and the defendant, we treated exhaustively the question of when a trial judge may determine that the proof presents no factual question for the jury's consideration and that either a directed verdict or judgment notwithstanding the verdict may be entered. After reviewing the standards of other States on this issue, as well as our own which had recognized the "any evidence" standard, we stated at pages 504 and 505: "But the presence of *some* evidence of a fact which, when viewed alone may seem substantial, does not always, when viewed in the context of all of the evidence, retain such significance. As the light from a lighted candle in a dark room seems substantial but disappears when the lights are turned on, so may weak evidence fade when the proof is viewed as a whole." And, at page 510, we stated the Illinois rule to be: "In our judgment verdicts ought to be directed and judgment *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

The direct and circumstantial evidence in this case,

when viewed in its aspect most favorable to the plaintiff Walsh, was not so overwhelmingly in favor of the defendant Finley that no contrary verdict based on that evidence could ever stand.

We therefore find that the judgment of the trial court in entering a judgment notwithstanding the verdict in favor of the defendant Finley was error, and that the judgment of the appellate court reversing the trial court should be affirmed.

*Judgment affirmed.*