(No. 61370.—

GERALD JUNKER, Appellant, v. ALBERT ZIEGLER
*et al.,* Appellees.

*Opinion filed October 1, 1986.*

Allen, Clark & Harn, Ltd., of Peoria (Frederick W. Allen and Gary L. Clark, of counsel), for appellant.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Robert D. Jackson, Jeffrey W. Jackson, and Karen J. Steele, of counsel), for appellee Albert Ziegler.

Davis & Morgan, of Peoria (William R. Kohlhase and Robert E. Geiger, of counsel), for appellee Paul Bush.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, Gerald Junker, brought this action in the circuit court of Peoria County to recover damages for injuries he sustained in a hunting accident. The jury set damages at $112,000 but attributed 65% of the fault

to the plaintiff, reducing his award to $39,200; on claims for contribution filed by the two defendants, Albert Ziegler and Paul Bush, the jury apportioned 29% of the reduced award against Ziegler and 71% against Bush. The trial judge later granted the plaintiff's motion for a new trial. The appellate court reversed that order (129 Ill. App. 3d 853), and we allowed the plaintiff's petition for leave to appeal (103 Ill. 2d R. 315(a)).

The accident in question occurred at a commercial hunting club owned and operated by defendant Bush near Marion, Illinois. While hunting at Bush's club on November 3, 1980, the plaintiff was struck in his left eye by a pellet from a shotgun fired by another hunter, defendant Ziegler. The plaintiff eventually lost all vision in the eye, and he brought this action against Ziegler and Bush, alleging negligence in the firing of the gun and in the layout and operation of the hunting facilities.

Bush's club had several goose-hunting blinds or pits, and a guide would accompany hunters to a blind, call the geese, and signal to the hunters when the birds were within range. On the day of the accident, the plaintiff and defendant Ziegler were located in different blinds; Ziegler was about 200 yards uphill from the plaintiff, and each blind was visible from the other. Both the plaintiff and Ziegler were experienced hunters. Sometime during that day, Ziegler's guide indicated that he could shoot at an approaching goose. Ziegler fired, and the bird descended toward the area between the plaintiff's and Ziegler's blinds. Ziegler's guide said that he could shoot again, and Ziegler fired when the bird was on or near the ground between the two blinds. A pellet from Ziegler's second shot struck the plaintiff in the eye.

The range of Ziegler's gun and the extent to which hunters were to rely on the advice of the club's guides were disputed at trial. Defendant Bush knew that the two blinds could be within range of each other because

on one occasion pellets fired from Ziegler's blind had struck him while he was in the plaintiff's blind. The plaintiff also knew that he was within range of Ziegler's blind.

The jury found the plaintiff's damages to be $112,000 and attributed 65% of the fault to him, which reduced his award to $39,200. With respect to the defendants' claims for contribution, the jury determined that Ziegler was responsible for 29% and Bush for 71%. In a post-trial motion, the plaintiff requested judgment notwithstanding the verdict or, alternatively, a new trial on damages only or on all issues. Defendant Ziegler also filed a post-trial motion requesting similar relief. The trial judge found that the jury's apportionment of 65% of the negligence to the plaintiff was against the manifest weight of the evidence and granted the plaintiff a new trial on all issues in the case; the trial judge denied defendant Ziegler's post-trial motion.

The defendants were allowed to appeal the order granting the new trial (see 87 Ill. 2d R. 306), and, with one justice dissenting, the appellate court reversed, remanding the cause for entry of a judgment consistent with the jury's verdict. The appellate court did not rule on several issues raised by defendant Ziegler, although all the rulings on the post-trial motions were before the court (see 103 Ill. 2d R. 306(a)(2); 87 Ill. 2d R. 366(b)(2)(v)).

In this court the plaintiff asks for a new trial on damages only. The plaintiff argues that he was not negligent as a matter of law and therefore is entitled to judgment notwithstanding the verdict on the question of his contributory negligence. At the outset we note, contrary to the defendants' arguments, that the plaintiff may make this contention even though a comparative negligence instruction was used at his request. The plaintiff tendered the instruction on comparative negligence after the trial

judge refused his request to instruct the jury that it should consider only the negligence of the defendants, and therefore we do not believe that the plaintiff is estopped from making this contention on appeal. See *Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537; *Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140.

The evidence here shows that the plaintiff was standing in the hunting blind, although he knew that he could be within range of other hunters. He realized that a shot had been fired from defendant Ziegler's blind and that the shot had come close to, though not directly at, his blind. The plaintiff saw the goose descend between the two blinds, and he was struck when Ziegler fired at the bird a second time. Although the plaintiff had no duty to anticipate the negligence of another (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 158), he had a duty to protect himself once the danger became known (*Long v. City of New Boston* (1982), 91 Ill. 2d 456, 464-65; *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 157-60). From the evidence presented in this case, a jury could find that a known danger existed and that a reasonable person in the exercise of ordinary care would have taken cover. (See *Boose v. Digate* (1969), 107 Ill. App. 2d 418, 426; *Garcia v. Puchi* (1975), 24 Ariz. App. 210, 537 P.2d 47.) *Mileur v. Briggerman* (1982), 110 Ill. App. 3d 721, which the plaintiff cites in support of his contention that he was not negligent as a matter of law, may be distinguished. The plaintiff in *Mileur* was shot from behind while hunting and apparently had no time to react to the sudden presence of the other hunter. Here, the plaintiff knew that other hunters were within range and had fired in his direction. Because the evidence does not so overwhelming favor the plaintiff that a verdict finding him negligent could never stand, the trial court properly denied his motion for judgment notwithstanding the verdict. See *Johnson v. Colley* (1986),

111 Ill. 2d 468, 474; *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.

We next consider whether the trial court erred in granting the plaintiff a new trial. In ruling on the plaintiff's post-trial motion, the trial judge considered whether the jury's verdict was against the manifest weight of the evidence. (See *Jardine v. Rubloff* (1978), 73 Ill. 2d 31, 44; *Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 310-11; *Bank of Marion v. Robert "Chick" Fritz, Inc.* (1974), 57 Ill. 2d 120, 126; *Voss v. Tune* (1984), 121 Ill. App. 3d 692, 694.) Defendant Ziegler, however, suggests that in comparative negligence cases the standard to be used by courts for granting a new trial based upon the sufficiency of the evidence should be more deferential to the jury; he contends that the jury's apportionment of negligence between the parties should be upset only when there is no credible evidence that, under any reasonable view, would support the jury's findings. One apparent source for this theory is found in statements made by the appellate court in this case; although the court said that the issue before it was whether the verdict was against the manifest weight of the evidence, the court also suggested that the appropriate standard to use in making that determination was whether the verdict fell within the range of the evidence. It would appear that the movant's burden under Ziegler's suggested rule would be greater than it is under the manifest-weight standard applied by the trial judge here.

We decline to adopt the rule proposed by Ziegler, for we are not persuaded that a standard different from the familiar manifest-weight standard is necessary here. We believe that the trial judge was correct in considering whether the jury's apportionment of the fault was contrary to the manifest weight of the evidence. (See *Bofman v. Material Service Corp.* (1984), 125 Ill. App. 3d 1053.) This standard accords the appropriate degree of

deference and respect to the function of the jury and adequately accommodates the role of the jury in comparative negligence cases, where " '[s]mall imperfections can be disregarded, small inequities tolerated, if the final result is generally satisfactory' " *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 18, quoting Turk, *Comparative Negligence on the March*, 28 Chi.-Kent L. Rev. 189, 341-42 (1950).

We must determine here, then, whether the trial judge abused his discretion in determining that the verdict was against the manifest weight of the evidence. (*Voss v. Tune* (1984), 121 Ill. App. 3d 692, 694.) It is undisputed that defendant Bush, who owned and operated the hunting park, arranged the blinds within range of each other and allowed hunters to fire in the direction of other blinds. Bush also knew that pellets from the blind that Ziegler was using could hit persons in the plaintiff's blind. It is also undisputed that defendant Ziegler knew that the plaintiff was present yet fired in his direction. The range of Ziegler's gun and shot, the amount of control that the club guides exercised over hunters, and the reasonableness of Ziegler's reliance on his guide were all in dispute. Under these circumstances, we do not believe that the trial judge abused his discretion in concluding that a verdict attributing 65% of the fault to the plaintiff was against the manifest weight of the evidence.

The trial judge ordered a new trial on all issues in the case, including the question of damages. In arguing here for a new trial on the question of damages only, the plaintiff apparently believes that the jury's calculation of damages was affected by its assessment of his contributory negligence, which, we have determined, was against the manifest weight of the evidence. The plaintiff does not argue, however, that the damages found by the jury are inadequate, nor does he allege any evidentiary or instructional error as affecting the determination of the award. As the defendants contend, there is no evidence

that the jury was improperly influenced in its determination of the amount of damages. We note that the jury was properly instructed to compute, as an initial matter, the total amount of the plaintiff's damages, without making any reduction for the plaintiff's own negligence. For these reasons, then, we conclude that a new trial is not necessary on the issue of damages. See *Ford v. Baker* (1978), 61 Ill. App. 3d 45, 46-47; *Thatch v. Missouri Pacific R.R. Co.* (1977), 47 Ill. App. 3d 980, 986-87.

We note that the trial judge granted the plaintiff's motion for a new trial on all the issues in the case, and although defendant Ziegler's post-trial motion was denied in its entirety, we interpret the post-trial order as also including a new trial on the defendants' claims against each other for contribution. In this regard, defendant Ziegler raises several issues that were presented to but not considered by the appellate court, and in the interests of judicial economy we shall consider them here. (See *Krasnow v. Bender* (1979), 78 Ill. 2d 42, 47.) Ziegler first contends that the trial court erred in denying his motions for a directed verdict and for judgment notwithstanding the verdict with respect to both the plaintiff's complaint and his counterclaim against Bush. Ziegler argues that he was not negligent as a matter of law, for no one testified that his reliance on Bush's guide was unreasonable and he believed that the plaintiff's blind was out of range. As we have said, however, these questions were disputed at trial, and we believe that under the circumstances in this case they were properly left to the jury.

Ziegler also argues that the trial judge erroneously struck his pleading that the plaintiff's failure to wear safety glasses was contributory negligence. Ziegler presents no evidence, argument, or offers of proof, however, that a reasonably prudent person hunting from a

duck blind with other hunters possibly within range would wear safety glasses. The only evidence that arguably supports his position—the plaintiff's testimony that he now wears safety glasses while hunting—was stricken.

Finally, Ziegler argues that the trial court erred in refusing a tendered jury instruction asserting specific acts of negligence by Bush. Several of the allegations, however, were already covered by an instruction setting out the allegations of all the parties. Moreover, the tendered instruction unnecessarily singled out and emphasized Bush's alleged negligence. The trial judge correctly refused the instruction because it was not "simple, brief, impartial, and free from argument," as required by rule (see 87 Ill. 2d R. 239)), and because it repeated material that was adequately expressed in other, accepted instructions (see *Meador v. City of Salem* (1972), 51 Ill. 2d 572, 581-82).

For the reasons indicated, that portion of the appellate court judgment which reversed the trial court's order granting a new trial on damages is affirmed; the remaining portions of the appellate court judgment are reversed. That portion of the trial court's order granting a new trial on the issue of damages is reversed. That portion of the trial court's order granting the parties a new trial on all other issues is affirmed.

*Appellate court affirmed in part*
*and reversed in part;*
*circuit court affirmed in part*
*and reversed in part.*