DOROTHY STATEN, Plaintiff-Appellant, v. PAMIDA, INC., Defendant-Appellee.

Fifth District   No. 5—88—0583

Opinion filed October 5, 1989.

126

Edward W. Huntley and Grady E. Holley, both of Holley, Keith & Huntley, of Springfield, for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (John A. Ess, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Dorothy Staten, appeals from an order of the circuit court of Christian County granting defendant Pamida, Inc.'s motion for directed verdict. In this cause, plaintiff raises a single issue for review, namely, whether the trial court erred in directing a verdict in favor of defendant at the close of plaintiff's evidence. We reverse and remand.

The incident in question occurred on October 21, 1982, at defendant's place of business, a self-help discount department store, located in Taylorville. Plaintiff, age 51 on the date in question, went to defendant's store, along with her husband, now deceased, in order to purchase painting supplies to paint their bedroom. Plaintiff had been to defendant's store on "several" other occasions. Upon entering the store, plaintiff and her husband went to the back of the store where the paint supplies were located. Plaintiff observed one-gallon cans of paint stacked upon shelves against the back wall. On top of these cans, the highest of which was above her eye level, plaintiff observed paint pans and roller sets. Plaintiff was only 5 foot, 2 inches tall, and her husband was even shorter, so she attempted to get the attention of a store clerk to assist her in retrieving the pan and roller set. When the store clerk did not stop to assist plaintiff and her husband, plaintiff attempted to reach above the stacked paint cans for the pan

and roller by standing on her tiptoes and stretching for the set. At this time, a gallon of paint fell down and struck plaintiff on the left foot. Plaintiff then lost her balance and fell to the floor. Plaintiff has no idea where the can came from, as she did not see it fall. She also testified that she did not drop the paint can. There are no other witnesses to this accident.

Bruce Pearson, assistant manager at the Pamida store in Taylorville on the date of this occurrence, has no independent recollection of this accident. He received a report of the incident as part of his duties. Bruce Pearson testified that the general method of stacking paint cans was to stack the paint two cans high on shelves which did not contain a front border commonly referred to as a "lip." He testified that the shelves on which the paint was displayed were 72 inches high. He further testified that there was a separate display for paint pans and rollers located in an aisle near the middle of the store in what is referred to by the store as a "gondola." The shelves contained in this gondola were 54 inches high. This system of display was set up by the Pamida home office in Omaha, Nebraska. Pearson also testified that while it was not store policy to stack the pans and rollers on top of the paint cans, he had seen this done by other Pamida employees with excess pans and rollers that would not fit on the gondola. He was not sure if any pans and rollers were stacked on top of the paint on October 21, 1982, because he had not checked that display on that day. He also noted that in his 11 years of employment with defendant, he had not witnessed or heard of any similar incidents in which paint cans fell from the shelves and injured a patron.

Plaintiff's amended complaint alleges in paragraph 6:

"[D]efendant, by and through its agents and servants, was then and there guilty of one or more of the following negligent acts or omissions:

(a) Negligently and carelessly designing a merchandising display system which created an unreasonable risk of falling objects hazardous to the safety of patrons.

(b) Negligently and carelessly maintaining and permitting said display system to remain on the premises which constituted a hazard to the safety of the Plaintiff.

(c) Negligently and carelessly failing to inspect the premises for said defect which constituted a hazard to the safety of the patrons.

(d) Knowing of the presence of said defect on the premises, negligently or carelessly failing to warn the Plaintiff of said

defect which constituted a hazard to the safety of patrons."
Both parties agree that defendant owed plaintiff, an invitee, the duty of reasonable care, and defendant concedes that plaintiff suffered injuries as a result of this incident; however, the parties disagree concerning whether defendant breached the duty owed to plaintiff and whether it was established that any negligence on the part of defendant was a proximate cause of plaintiff's injuries.

The single issue involved in this case presents us with a familiar question as to the circumstances under which the trial court may determine that the proof presents no factual determination for the jury's consideration and that a verdict should be directed for defendant. The propriety of a directed verdict must be judged according to the standards set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, where the supreme court stated:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (37 Ill. 2d at 510, 229 N.E.2d at 514.)

In reviewing the evidence, a trial court cannot ignore circumstantial evidence or reasonable inferences of negligence that can be drawn from circumstantial evidence. (*Murphy v. Messerschmidt* (1977), 68 Ill. 2d 79, 86, 368 N.E.2d 1299, 1303.) Moreover, circumstantial evidence is not limited to those instances in which the circumstances support only one logical conclusion; instead, circumstantial evidence will suffice whenever an inference may reasonably be drawn therefrom. (*Mort v. Walter* (1983), 98 Ill. 2d 391, 396, 457 N.E.2d 18, 21; *Walsh v. Finley* (1972), 51 Ill. 2d 174, 176-77, 281 N.E.2d 654, 656.) In our judgment, the evidence in this case is not such that a verdict for plaintiff could never stand, and we believe the trial court erred in directing a verdict.

Bruce Pearson testified that while it was not normal procedure for defendant to stack paint pans and rollers on top of two stacked paint cans on shelves that measured 72 inches high and had no lip, there were occasions when employees had done this with the excess pans and roller sets which did not fit on the "gondola" display normally used for these sets. He further testified that he had not checked whether any such pans and rollers were on top of the paint display on the day of the accident. Plaintiff, on the other hand, saw pans and rollers placed above the paint cans on the day of the occur-

rence. Plaintiff testified that she made an effort to stop one of defendant's employees to assist her in retrieving a pan and roller, but the employee ignored her request. She also testified that she had not seen the "gondola" display. Because plaintiff did not see where the paint can that dropped on her foot came from and because she denied touching the can which dropped on her foot, the jury could have reasonably concluded that defendant had improperly and negligently allowed the excess paint pans and rollers to be displayed on top of the 72-inch paint display and that this was, if not the complete cause of the paint can dropping on her foot, at least a contributing factor.

In a factually similar case, *Lovejoy v. National Food Stores, Inc.* (1973), 12 Ill. App. 3d 982, 299 N.E.2d 816, we considered it appropriate that the trial court, sitting without a jury, denied the defendant's motion for a directed verdict and ultimately entered judgment for the plaintiff. In that case, the plaintiff testified that while shopping at one of defendant's stores, some soda bottles that had been stacked in an aisle fell from a shelf and exploded, causing a glass fragment from one of the bottles to cut her and become lodged in her left foot. The only other customer present was approximately 15 feet away. Plaintiff offered no direct evidence why the bottles fell, but proceeded on the theory that defendant was negligent in stacking the bottles as displayed and that the defendant knew or should have known that the display created a hazard and should have taken precautions to eliminate the hazard. The defendant's theory of the case was much different. The defendant's witnesses testified the plaintiff had told them that she was injured when a fellow customer in the store knocked the bottles off the shelves. In the instant case, the trial court distinguished *Lovejoy* in its order denying plaintiff's post-trial motion on the basis that first, in *Lovejoy* there were varying and contradictory versions given for the falling bottles and, second, there had been many prior incidents of falling and breaking bottles and, because of this, defendant continually checked the display. We find that the trial court erred in distinguishing the *Lovejoy* case.

In the instant case, the assistant manager of the Pamida store was aware that employees sometimes did stack pans and rollers above the paint display, but did not stop this practice, while in *Lovejoy*, the defendant continually checked the soda bottle display to make sure that the display was properly arranged. In the instant case, there was no evidence offered to indicate that a customer was the cause of the paint can falling. In accordance with *Lovejoy*, the instant case should have been presented to the jury for its determina-

tion. Further, the trial court apparently did not find anything inherently hazardous in defendant's display. This, however, was also a question for the jury to decide.

For the foregoing reasons, this court reverses the order of the circuit court of Christian County and remands for proceedings not inconsistent with this order.

Reversed and remanded.

HARRISON and RARICK, JJ., concur.