OLGA KOENIG, Plaintiff-Appellee, v. NATIONAL SUPER MARKETS, INC., Defendant-Appellant.

Fifth District   No. 5—90—0834

Opinion filed July 21, 1992.

GOLDENHERSH, P.J., concurring in part and dissenting in part.

Sandra J. Doreson, of St. Louis, Missouri, for appellant.

John W. Halloran, of Pratt & Callis, P.C., of East Alton, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendant, National Super Markets, Inc., appeals from a judgment of the circuit court of Madison County in favor of plaintiff, Olga Koenig, in the amount of $60,000 for injuries she sustained in a fall in defendant's store located in Granite City. Defendant raises the following issues: (1) whether the trial court erred in denying defendant's motion for directed verdict at the close of plaintiff's evidence and at the close of all the evidence during the first trial of this case, and (2) whether the trial court abused its discretion in granting plaintiff a new trial on the issue of damages due to what the trial court considered an error in plaintiff's verdict form (Illinois Pattern Jury Instructions, Civil, No. A45.06 (2d ed. 1986) (hereinafter IPI Civil 2d No. A45.06)). We reverse.

Plaintiff, a 75-year-old woman, fell in defendant's store on October 6, 1984. Plaintiff had been in defendant's store grocery shopping between 9 and 10 a.m. that day, and she returned sometime after 12 p.m. to drop off some film to be developed.

It had been raining hard on and off all morning. When plaintiff entered the store for the second time, there was a big puddle of water in the middle of the entrance which covered the doorway. Plaintiff could not step either around or over the water; she had to walk through it in order to enter the store. There were some mats to the left of the puddle on which plaintiff attempted to dry her feet, but they were saturated with water. Plaintiff started toward the pharmacy to drop off her film. About 50 feet inside the store, plaintiff's legs slipped from under her, and she fell flat on her back.

The manager came over to assist plaintiff. He checked to see if there were any foreign substances on the floor which caused plaintiff to fall. He found none. Plaintiff did not examine the floor after her fall and does not know what caused her to fall. Plaintiff was taken to a hospital, and it was determined that she had broken her hip. Surgery was performed. Plaintiff recovered, but she sustained permanent injuries as a result of the fall.

A jury awarded plaintiff $100,000, but she was found 85% contributorily negligent, and her award was reduced to $15,000. Plaintiff filed a motion for a new trial and claimed the court erred in giving plaintiff's instruction No. 25 (IPI Civil 2d No. A45.06). Plaintiff tendered IPI Civil 2d No. A45.06, did not object to any of its language, and did not tender a substitute for it. In her motion for a

new trial, plaintiff argued that the instruction as given "assumed contributory negligence on the part of plaintiff." The trial court granted plaintiff's motion for a new trial on the issue of damages only. Defendant had also filed post-trial motions seeking a judgment notwithstanding the verdict or, in the alternative, seeking a new trial on the issue of liability and damages. The trial court denied defendant's motions. Defendant then filed a petition for leave to appeal pursuant to Supreme Court Rule 306 (134 Ill. 2d R. 306). On June 27, 1989, this court denied defendant's petition for leave to appeal.

A second trial on damages only was conducted in February 1990, and the second jury also rendered a verdict for plaintiff. The second jury assessed plaintiff's damages at $90,000 and found plaintiff to be 33⅓% contributorily negligent. The trial court entered judgment for the plaintiff in the amount of $60,000.

Before we address the issues raised by defendant in this appeal, we must address plaintiff's contention that since we denied defendant's petition for leave to appeal after the first trial, defendant is foreclosed from raising any issues concerning the first trial, on the theory that these issues were previously presented to us and determined to be without merit. Plaintiff argues that our order dated June 27, 1989, denying defendant leave to appeal is the law of the case for purposes of this appeal. We disagree.

■ In cases involving leave to appeal from the appellate court to the supreme court under Supreme Court Rule 315 (134 Ill. 2d R. 315), denial of leave does not suggest that the supreme court has approved of the result in the lower court.

> "Our denials of leave to appeal, of course, carry no connotation of approval or disapproval of the appellate court action, and signify only that four members of this court, for reasons satisfactory to them, have not voted to grant leave." (*People v. Vance* (1979), 76 Ill. 2d 171, 183, 390 N.E.2d 867, 872.)

We believe this logic is applicable in cases involving petitions for leave to appeal to the appellate court filed from an order of the circuit court granting new trials. (See 134 Ill. 2d R. 306.) Our previous order issued on June 27, 1989, means only that at least two members of a three-member panel voted not to grant leave "for reasons satisfactory to them." The court did not address the merits of the case.

Plaintiff cites *Robbins v. Professional Construction Co.* (1978), 72 Ill. 2d 215, 380 N.E.2d 786, to support her position that by our order denying defendant's petition for leave to appeal, we decided

all issues raised in this appeal and are bound by our order issued in the first appeal. We find *Robbins* to be distinguishable.

In *Robbins*, a jury returned a verdict awarding plaintiff $25,000 in damages in a wrongful death action arising out of an automobile accident. The trial court set aside the verdict and ordered a new trial on the issue of damages only and conditionally granted plaintiff's motion for a new trial on all issues in the event that the order granting a new trial limited to damages was reversed, set aside, or vacated by the reviewing court. The defendants sought to appeal the trial court's actions, but they failed to file a record or move for an extension of time, and consequently, the appeal was dismissed by the appellate court. On retrial on the issue of damages only, the second jury returned a verdict for the plaintiff in the amount of $120,000. The defendants then filed a post-trial motion requesting a new trial on all issues, including liability. The trial court's denial of the defendants' motion was affirmed. The appellate court's holdings were as follows:

> "(1) The earlier 'denial' of defendants' 'petition for leave to appeal' authorized the appellate court to refuse to address the merits of the order granting plaintiff a new trial on the question of damages. Alternatively, the court would uphold that order on the merits. (2) Defendants waived their right to request a new trial on the question of liability by failing to request such relief either after the first trial or within 30 days of the trial court's order granting plaintiff a new trial on the question of damages. Alternatively, even if the defendants had not waived the issue, they were not entitled to a new trial on the question of liability. (3) Defendants were not entitled to judgment notwithstanding the verdict. (Defendants apparently do not contest this holding.)" *Robbins*, 72 Ill. 2d at 220, 380 N.E.2d at 788.

The supreme court affirmed the appellate court. The *Robbins* court determined that "the appellate court's reliance upon its previous summary dismissal of defendants' petition was more than adequate to dispose of defendants' right to review in this case." (72 Ill. 2d at 223, 380 N.E.2d at 789.) The *Robbins* court also emphasized that the defendants were foreclosed from appellate review due to the defendants' failure to request a new trial on the question of liability following the jury's general verdict for plaintiff. (72 Ill. 2d at 223, 380 N.E.2d at 789.) The defendants in *Robbins* had further erred in the first appeal by failing to file a record or move for an

extension of time. Defendant in the instant case has committed no such errors.

After the first trial, defendant filed a post-trial motion seeking a judgment notwithstanding the verdict or, in the alternative, seeking a new trial on the issues of liability and damages. Defendant also timely filed the record on appeal. Our previous order issued on June 27, 1989, did not address the merits of this case. It merely denied leave to appeal. We feel obliged to consider defendant's arguments herein and issue an opinion dealing with the merits of this case.

Defendant's first issue is whether the trial court erred in denying its motion for a directed verdict at the close of plaintiff's evidence or at the close of all the evidence in the first trial. In this regard, defendant raises a number of arguments. First, defendant contends that plaintiff's evidence was insufficient as a matter of law to prove the existence of a dangerous condition on the store premises. Second, defendant contends, assuming *arguendo* that plaintiff's evidence demonstrated the existence of a dangerous condition on defendant's floor, that plaintiff failed to make a submissible case to the jury because she failed to show defendant had notice of that condition. Third, defendant contends, assuming *arguendo* that plaintiff established the existence of a dangerous condition on the floor, that plaintiff's case was insufficient as a matter of law because plaintiff failed to prove that the condition which caused plaintiff to fall was a result of defendant's negligence. Finally, defendant contends that even if plaintiff's evidence established the existence of a dangerous condition for which defendant was responsible, plaintiff failed to show that the dangerous condition was the proximate cause of her fall. Plaintiff responds that the trial court properly denied defendant's motions for directed verdict because plaintiff did make a *prima facie* case on both the issues of negligence and proximate cause, and it was up to the jury to decide these issues. We agree.

■ This issue presents us with the familiar question of the circumstances under which a trial court may determine that the proof presents no factual question for the jury's determination and that a verdict should be directed for defendant. The propriety of a directed verdict must be judged according to the standards set forth by the supreme court in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504:

> "[V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed

in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on the evidence could ever stand." (37 Ill. 2d at 510, 229 N.E.2d at 513-14.)

In a situation such as the one presented here, the general rule is that liability will be imposed where a business invitee, such as plaintiff herein, is injured by slipping on a substance on the premises if (1) the substance was placed there by the negligence of the proprietor, or (2) the defendant knew of its presence, or (3) the substance was there a sufficient length of time so the proprietor had constructive notice of it. (*Blake v. Dickinson* (1975), 31 Ill. App. 3d 379, 383, 332 N.E.2d 575, 578.) In reviewing the evidence, a trial court cannot ignore circumstantial evidence or reasonable inferences of negligence logically drawn from the circumstantial evidence. (*Staten v. Pamida, Inc.* (1989), 189 Ill. App. 3d 125, 128, 544 N.E.2d 1325, 1326.) In our judgment, the evidence in this case is such that the trial court correctly denied defendant's motions for a directed verdict.

■ Most witnesses testified that it had been raining on and off all morning on the date in question. A few witnesses could not remember the weather on that date, but no one said that the weather was dry. Two of defendant's employees, a cashier and the store manager, testified that mats were placed near the entrance on the floor for patrons to wipe their feet when it rained and these mats were changed if they became wet. Plaintiff testified to a large puddle which had accumulated in the entrance of the store. According to plaintiff, the puddle was so large that she could neither step over it nor around it. No evidence was presented to the contrary about the existence or the size of this puddle. Plaintiff also testified that while there were mats to the left of the entrance, it was useless to attempt to dry her feet because the mats were saturated with water. If the jury believed plaintiff's testimony concerning the size of the puddle, it could logically conclude that such a large amount of water must have taken an extended period of time to accumulate. Two of defendant's employees testified that mats were placed at the entrance of the store to allow customers the opportunity to wipe their feet in the event of rain. Once again, if the jury believed plaintiff's testimony that the mats were saturated with water, it could logically conclude that these mats had not been changed for an extended period of time. The jury could reasonably conclude that the puddle, along with the saturated mats, was the proximate cause of plaintiff's fall. The jury could conclude that plaintiff's shoes be-

came saturated with water from having to step in the puddle in order to enter the store and that plaintiff was unable to dry her shoes because the mats at the front of the store had become saturated from previous use. We believe plaintiff's proof supports the probability that the large amount of water that accumulated at the front of the store was the proximate cause of plaintiff's fall. (See *Johnson v. Burlington Northern, Inc.* (1982), 107 Ill. App. 3d 130, 135, 437 N.E.2d 334, 338.) We further conclude the record supports the jury's verdict and that the trial court was correct to deny defendant's motion for directed verdict.

The final issue defendant raises is whether the trial court abused its discretion in granting plaintiff a new trial on the issue of damages due to an error in plaintiff's verdict form, IPI Civil 2d No. A45.06. Defendant contends that the verdict form submitted to the jury at the first trial properly advised the jury of the law. In addition, defendant argues that plaintiff effectively waived any argument concerning IPI Civil 2d No. A45.06 by failing to object to the verdict form at trial and by failing to tender an alternative verdict form. Plaintiff responds that it did not waive this argument by failing to object at trial or by failing to tender an alternate verdict form since the instruction is clearly erroneous. Plaintiff contends that the trial court was within its discretion to order a new trial. We disagree.

The general rule is that a party may not assert error on the basis of instructions which he caused to be given to the jury. The rationale of this rule is that it would be manifestly unfair to allow one party a second trial on the basis of error which he injected into the proceedings. *Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 144, 357 N.E.2d 500, 502; *People v. Riley* (1964), 31 Ill. 2d 490, 202 N.E.2d 531.

While the supreme court approved a relaxation of the general rule in *Junker v. Ziegler* (1986), 113 Ill. 2d 332, 498 N.E.2d 1135, the exception was allowed because the plaintiff had first tendered an instruction calling for the jury to consider only the negligence of the defendants. It was after the trial court refused the plaintiff's originally tendered instruction in *Junker* that he tendered an instruction incorporating comparative negligence. Under the circumstances the supreme court held that plaintiff was not estopped from raising the instructional error.

In this case, the plaintiff tendered no instruction other than the one given. If there was error in the instruction it was created

by the plaintiff. The plaintiff cannot later ask for relief from the error she created. *Ervin*, 65 Ill. 2d at 144, 357 N.E.2d at 502.

Therefore, the trial court erred in granting the plaintiff's motion for a new trial on damages only. Under our power (134 Ill. 2d R. 366), we reverse the trial court's order and enter judgment for the plaintiff in the amount of $15,000 plus interest since October 22, 1987, and costs of suit.

Reversed; judgment entered.

H. LEWIS, J., concurs.

PRESIDING JUSTICE GOLDENHERSH, concurring in part and dissenting in part:

I concur with most of the majority's opinion in this cause. With respect to the majority's conclusion on the granting of a new trial due to error in the verdict form, I respectfully dissent.

Our supreme court in *Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 357 N.E.2d 500, stated that "we do not foreclose the possibility that there might be unusual circumstances under which the interests of justice require a relaxation of this rule." 65 Ill. 2d at 145, 357 N.E.2d at 502.

In the instant case, I do not believe plaintiff is estopped from raising her argument concerning the verdict form even though it was plaintiff who tendered the verdict form about which she later complained.

The verdict form complained of by plaintiff read as follows:

"We, the jury, find for the plaintiff and against the defendant and further find the following:

First: Without taking into consideration the question of reduction of damages due to the negligence of the plaintiff, if any, we find that the total amount of damages suffered by the plaintiff as a proximate result of the occurrence in question is $_____.

Second: Assuming that 100% represents the total combined negligence of the plaintiff and of the defendant we find that the percentage of negligence that was a proximate cause of plaintiff's injury attributable solely to the plaintiff is _____ percent (%).

Third: After reducing the total damages sustained by the plaintiff by the percentage of negligence attributable to the

plaintiff, we assess plaintiff's recoverable damages in the sum of $_____."

The third paragraph essentially instructs the jury to find some negligence on the part of plaintiff. It does not provide the cautionary language, "if any," which is found in the verdict form used at the second trial. The verdict form used in the first trial is so misleading that it constitutes error. This situation is exactly what the *Ervin* court envisioned when it stated that "there might be unusual circumstances under which the interests of justice require a relaxation of this rule." 65 Ill. 2d at 145, 357 N.E.2d at 502.

The decision to grant a new trial is an exercise of judicial discretion which should not be disturbed unless there is a showing of a clear abuse of discretion. (*McCracken v. Westinghouse Air Brake Co.* (1981), 103 Ill. App. 3d 26, 430 N.E.2d 539.) After a review of the verdict form of which plaintiff complains and a review of the instructions as a whole, I cannot conclude that the trial court abused its discretion in granting plaintiff a new trial. Therefore, the verdict delivered by the second jury should be allowed to stand.

For the foregoing reasons, I would affirm the judgment of the circuit court of Madison County.